Alex B. Hernandez, III
Federal Defenders of Eastern Washington & Idaho
306 E. Chestnut Ave.
Yakima, WA 98901
(509) 248-8920

Attorney for Defendant
Caludgrio Joseph Bianco

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Stanley A. Bastian

United States of America,

                          Plaintiff,

    v.

Caludgrio Joseph Bianco,

                          Defendant.

No.  1:25-CR-2062-SAB-1

**Defendant's Sentencing Memorandum**

Caludgrio Joseph Bianco is 26 years old with minimal criminal history.  He's struggled with mental health issues for most of his life.  On March 15, 2025, Mr. Bianco shot at a house while contemplating whether he should take his own life.  Fortunately, no one was hurt because of Mr. Bianco's actions, but he is now facing a term of imprisonment.  Mr. Bianco is remorseful for his conduct and recognizes he committed a serious offense.  Considering the sentencing factors under 18 U.S.C. 3553(a), Mr. Bianco requests the Court impose a sentence of 36 months

Defendant's Sentencing
Memorandum: 1

imprisonment, which is a variance above the advisory guideline range.  Similar individuals like Mr. Bianco whose primary guideline is USSG § 2A2.2 with a final offense level of 16 and Criminal History Category I receive an average length of imprisonment of 21 months, with a median length of imprisonment of 20 months.[1]



Average and Median Sentence Length and Length of Imprisonment for Defendants in Selected Cell Who Received a Sentence of Imprisonment (excluding §5K1.1)

Fiscal Year 2020-2024

■ Average Length of Imprisonment    ■ Median Length of Imprisonment    ■ Average Sentence Length    ■ Median Sentence Length

**Note:** The figure includes the 70 defendants reported to the Commission whose primary guideline was §2A2.2, with a Final Offense Level of 16 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. Cases missing information necessary to complete the analysis were excluded from this figure.

*Average and Median Length of Imprisonment* reports the average and median term of imprisonment imposed in months for the 63 cases in which a term of imprisonment was imposed in whole or in part. Probation sentences are excluded. Any portion of a sentence that is an alternative confinement as described in USSG §5C1.1 is also excluded.

*Average and Median Sentence Length* reports the average and median term of imprisonment imposed in months for all 70 cases. Probation sentences are included as zero months. Any portion of a sentence that is an alternative confinement as described in USSG §5C1.1 is also included.

Cases in which a sentence is imposed, but where the length is indeterminable, are excluded. When sentences are expressed as "time served" on the J&C, Commission staff uses the dates in federal custody to determine the length of time served when an defendant has been in custody the entire time. If the defendant has been in and out of custody, or the start date is unclear/missing, then the Commission assigns a value of one day as a minimal time served amount for these cases. In cases where the court imposes a sentence of life imprisonment, sentences are reported as 470 months, a length consistent with the average life expectancy of federal criminal defendants given the average age of federal defendants. Sentences of greater than 470 months are also reported as 470 months.

*Id.*

---

[1] See https://jsin.ussc.gov/analytics/saw.dll?Dashboard

Defendant's Sentencing
Memorandum:  2

## I. Base Offense Level and Enhancements.

Mr. Bianco had no objections to the guideline calculations in the Presentence Investigation Report.  [ECF No. 34].

## II. Departures.

Mr. Bianco is not seeking a downward departure.

## III. Sentencing Under 18 U.S.C. § 3553(a)

Under 18 U.S.C. § 3553(a), a sentencing court is directed to "impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing." *Kimbrough v. United States*, 128 S.Ct 558, 570 (2007).  A sentencing court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a) in imposing a particular sentence.  *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008).  The Supreme Court emphasized the great discretion a sentencing court has to fashion a sentence based on a sentencing court's consideration of the particular facts and circumstances of the case and particular history and characteristics of the defendant before the court.  *Gall v. United States*, 128 S.Ct. 586 (2007); *Kimbrough v. United States*, 128 S.Ct. 558 (2007).  When sentencing a particular defendant, it is important to recall that "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the

Defendant's Sentencing
Memorandum:  3

punishment to ensue." *Gall v. United States*, 128 S.Ct. at 598 (*quoting Koon v. United States*, 116 S.Ct. 2035, 2053 (1996)).

After considering the information in the PSIR - the circumstances of the offenses, Mr. Bianco's history and characteristics, and other sentencing factors - a sentence of 36 months imprisonment and three (3) years of supervised release is sufficient but not greater than necessary to meet the goals of sentencing.

**1.  Nature and Circumstances of the Offense**.

On March 15, 2025, Mr. Bianco left his apartment with a gun.  Mr. Bianco drove around and thought about shooting himself.  He was angry and was having a mental breakdown due to messages he saw on his girlfriend's phone.  According to his girlfriend, he had "been having mental breakdowns for the last year" and "had not been taking his medication."  [ECF No. 34 at ¶¶s14, 15].

Instead of shooting himself, Mr. Bianco shot into a residence.  After his arrest, Mr. Bianco told the agents several versions of the events.  He was emotional during his interview, but he finally told the agents what happened.  Mr. Bianco told the agents he did not aim or try to shoot anyone and did not know who lived there.  *Id.* at ¶16. Several people were in the residence when Mr. Bianco fired the gun and were afraid for their lives and safety.  *Id.* at ¶18.

Defendant's Sentencing
Memorandum:  4

Considering the nature and circumstances of the offense, a sentence of 36 months imprisonment and three (3) years of supervision is sufficient to meet the goals of sentencing.

**2.  History and Characteristics of Caludgrio J. Bianco**.

Mr. Bianco has endured his share of hardships for someone his age.  His parents separated when he was 7- or 8-years old, his mother abused alcohol, and his mother's boyfriend at the time threatened him with physical abuse.  Mr. Bianco was traumatized by the physical abuse and believed it led to his PTSD diagnosis.  *Id.* at ¶¶s52, 53.  Mr. Bianco also saw acts of domestic violence between family members after his grandfather passed away and was attacked by a family member with a knife, forcing him to defend himself.  *Id.* at ¶57.  Needless to say, Mr. Bianco had a very turbulent and violent childhood.

Mr. Bianco suffered further stress and anxiety in his young life because of a significant speech impediment. Mr. Bianco took many years and effort to overcome his speech impediment.  *Id.* ¶¶s57, 69.  Adding to Mr. Bianco's daily struggles, was the onset of symptoms of bi-polar disorder when he was 15.  *Id.* at¶58.  Mr. Bianco indicated he was diagnosed with anxiety, depression, PTSD and bi-polar disorder, and believes these diagnoses were related to his mother's former boyfriend.  *Id.* at ¶62.  Mr. Bianco has been hospitalized for his mental health issues and has tried to hurt himself in the past.  *Id.* at ¶¶s62-64.

Defendant's Sentencing
Memorandum:  5

It is clear Mr. Bianco has suffered a great deal as a boy, teenager and young man. He has not had positive male role models in his life, he's experienced traumatic and violent episodes, and he's suffered from significant mental health issues. Yet despite these obstacles, Mr. Bianco did not engage in significant criminal activity; he graduated from high school and maintained employment. His mother indicates he's a hard worker, and Mr. Bianco advised he enjoys working and has been promoted while working at different jobs. *Id.* at ¶¶s69-72. Further, Mr. Bianco does not abuse alcohol or drugs, although he has used marijuana in the past to help him sleep. *Id.* at ¶67.

Mr. Bianco recognizes he committed a serious offense and is remorseful for his actions. As he told the probation officer, "he feels bad about what he did, and did not want to hurt anyone. He is sorry he put the occupants of the residence in the that situation, they did not deserve it. . ." *Id.* at ¶23. While not excusing his conduct, it is clear that Mr. Bianco's mental health issues played a significant role in the offense. He had been having mental breakdowns over the past year and had not been taking his medications, resulting in Mr. Bianco acting out and being unable to cope with the situation involving his girlfriend.

Mr. Bianco explained to the probation officer that he stopped taking his medications because at the time his father had been missing for over a year and a half, he was having relationship issues and felt hopeless. *Id.* at ¶¶s52,65. Mr. Bianco

Defendant's Sentencing Memorandum: 6

realizes the importance of taking his medication and continuing with counseling, which he had been receiving before this offense.  *Id.* at ¶65.

Considering Mr. Bianco's history and characteristics, a sentence of 36 months imprisonment and three (3) years of supervision is sufficient to meet the goals of sentencing.  Mr. Bianco has shown he can be a productive member of his community. He does not lead a life of crime, he does not abuse drugs or alcohol, he maintains employment, and he's willing to engage in mental health counseling.  Mr. Bianco has shown he can abide by conditions imposed by a court when he completed a deferral for a misdemeanor assault and malicious mischief charge.  *Id.* at ¶47.

While the PSIR indicates Mr. Bianco was subject to higher sentences had he been convicted of the Assault with a Dangerous Weapon and Discharging a Firearm in Relation to a Crime of Violence, these charges would have been difficult to prove. While Mr. Bianco's actions were reckless, there is no indication he specifically intended to assault a particular individual in the home, or that he knew anyone was even in the house. His sentence, then, should be based on his conduct which supports the offense of his conviction, drive-by-shooting.  That's what he did, and the range for this offense is 21-27 months.  Mr. Bianco, however, is not arguing for a guideline sentence.  Recognizing the seriousness of his actions, Mr. Bianco is recommending the court sentence him to 36 months imprisonment, which is an upward variance, and

Defendant's Sentencing
Memorandum:  7

considers the nature and circumstances of the offense and his history and characteristics, and the goals of sentencing.

A sentence of 120 months imprisonment for Mr. Bianco is greater than necessary. While such a sentence certainly punishes Mr. Bianco, it is unnecessary to deter him from committing future crimes or protecting the public. His history and characteristics show he can do well in his community, especially if he's taking his medication and participating in mental health counseling. While a long sentence may keep Mr. Bianco off the streets, it may not be the most effective way to address his, or the community's needs, in ensuring his success. According to the National Institute of Justice, an agency of the U.S. Department of Justice, "the data show[s] long prison sentences do little to deter people from committing future crimes."[2]

Therefore, considering Mr. Bianco's history and characteristics, a sentence of 36 months imprisonment and three (3) years of supervision is sufficient but not greater than necessary to meet the goals of sentencing under 18 U.S.C. § 3553(a).

### Conclusion.

Mr. Bianco requests the Court impose a sentence of 36 months imprisonment and 3 years of supervised release. Mr. Bianco requests the Court recommend placement at FCI Sheridan.

---

[2] *See* "Five Things About Deterrence," available at https://nij.ojp.gov/topic/articles/five-things-about-deterrence.

Defendant's Sentencing
Memorandum: 8

Dated:  February 11, 2026.

Respectfully Submitted,

s/Alex B. Hernandez, III
Alex B. Hernandez, III, 21807
Attorney for Caludgrio Joseph Bianco
Federal Defenders of Eastern
Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920
(509) 248-9118 fax
Ben_Hernandez@fd.org

Defendant's Sentencing
Memorandum:  9

CERTIFICATE OF SERVICE

I certify that on February 11, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to: Michael D. Murphy, Assistant United States Attorney, and Carrie A. Valencia, United States Probation Officer.

<u>s/Alex B. Hernandez, III</u>
Alex B. Hernandez III, 21807
Attorney for Caludgrio Joseph Bianco

Defendant's Sentencing
Memorandum:  10